AO 106 (Rev. 04/10) Application for a Search Warrant

FILED ____ ENTERED
LODGED ____ RECEIVED

# UNITED STATES DISTRICT COURT

SEP 20 2013

for the

Western District of Washington

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

In the Matter of the Search of                )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)*  )          Case No.  MJ 13-475
                                               )
U.S. Mail Parcel / Insured Letter Bearing Confirmation #  )
13091040000054265950                          )
                                               )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

U.S. Mail Parcel / Insured Letter Bearing Confirmation #13091040000054265950, more fully described in Attachment A, attached hereto and incorporated herein by reference.

located in the _____ **Western** _____ District of _____ **Washington** _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. Section 841 | Distribution of Controlled Substances & Unlawful Use of a Communications |
| Title 21 U.S.C. Section 843 | Facility (U.S. Mails) to Distribute Controlled Substances. |

The application is based on these facts:

Please see Attached Affidavit of U.S. Postal Inspector Bryce K. Dahlin

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Bryce K. Dahlin, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 20, 2013

_____
*Judge's signature*

City and state:  Seattle, Washington

JAMES P. DONOHUE, U.S. Magistrate Judge
*Printed name and title*

STATE OF WASHINGTON )
                     )   ss
COUNTY OF KING       )

## AFFIDAVIT

Bryce K. Dahlin, being first duly sworn on oath, deposes and says:

## BACKGROUND

1.      **Affiant Background.** I am a U.S. Postal Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since January 2013. I am currently assigned to the Seattle Division, Prohibited Mails Narcotic Team, where I investigate controlled substances transported via the United States Mail. I completed a twelve week Basic Inspector Training course in Potomac, Maryland, which included training regarding transportation of narcotics via the U.S. mails. I have also received training on the identification of controlled substances and interdiction of controlled substances. Additionally I was a military police officer and narcotic trained K-9 dog handler for the 369th Security Force Squadron, Ramstein Air Force Base in Germany. During the course of my law enforcement career, I have conducted or participated in criminal investigations involving illegal narcotics, bomb threats, mail fraud, identity theft, and assaults. I have also participated in the execution of both search warrants and arrests warrants.

2.      **Duties, Training & Experience.** As part of my duties, I investigate the use of the U.S. mails to illegally mail and receive controlled substances, the proceeds of drug trafficking, as well as other instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances). As set forth below, my training and experience includes identifying parcels with characteristics indicative of criminal activity. During the course of my employment with the USPIS, I have participated in over one-hundred (100) criminal investigations involving suspicious parcels and controlled substances.

AFFIDAVIT OF BRYCE K. DAHLIN- 1

1    3.     The information contained in this affidavit is based upon knowledge I

2  gained from my investigation, my personal observations, my training and experience, and

3  investigation by other Inspectors, agents, and officers.  Because the purpose of this

4  affidavit is limited to setting forth probable cause to search the subject parcel, I have not

5  set forth every fact of which I am aware pertaining to the investigation.

6       4.     From my training and experience, I am aware that the United States Postal

7  Service (USPS) mail system is often used to transport controlled substances and/or the

8  proceeds from the sales of controlled substances throughout the United States.  I have

9  learned and observed that sometimes drug traffickers put controlled substances and

10  proceeds in the same package.  I also know that drug traffickers prefer mail/delivery

11  service such as insured mail because of the reliability of this service as well as the ability

12  to track the article's progress to the intended delivery point.  When a drug trafficker

13  learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of

14  any delayed attempt to deliver the item.

15      5.     Based on my training and experience concerning the use of insured mail for

16  the transportation of controlled substances and/or the proceeds from the sales of

17  controlled substances, I am aware these letters or packages usually contain some or all of

18  the following characteristics (which are different than characteristics of packages being

19  sent by legitimate businesses):

20        a.     Unlike typical business mailings which usually have typed labels,

21 packages containing controlled substances and/or proceeds often have handwritten

    address information.  In addition, the address information often contains misspelled

22 words or incomplete/incorrect addresses. This is done in an effort to help conceal the

23 identities of the individuals involved.

24        b.     The handwritten label on Insured letter packages containing

25 controlled substances and/or proceeds does not contain a business account number and/or

    credit card number.  This is an indication that the sender likely paid cash.  A credit card

26 or business account number would more likely enable law enforcement officers to

27 connect the package to identifiable individuals.

28        c.     Insured letter packages containing controlled substances and/or

  proceeds often stand out from typical business mailings as they do not bear any

AFFIDAVIT OF BRYCE K. DAHLIN- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

advertising on the mailing container/box, and are usually being mailed from one individual to another.

   d.     The sender and/or recipient addresses on insured letter packages containing controlled substances and/or proceeds often either are fictitious, are persons not known to postal personnel familiar with the addresses listed.

   e.     The zip codes for the sender addresses on insured letter packages containing controlled substances and/or proceeds is different from the zip codes of the post offices from where the parcels were mailed.

   f.     Insured letter packages containing controlled substances and/or proceeds are heavily taped with tape on the seams of the parcel, in an effort to conceal scent.

6.     Inspectors who encounter a letter or package with any or all of the above characteristics often further scrutinize the package by, among other ways, address verifications and use of a trained narcotic-detecting canine examination.

**ITEM TO BE SEARCHED**

7.     As set forth in Attachment A, this affidavit is made in support of an application for a search warrant for one insured letter, hereinafter referred to as "SUBJECT LETTER." This letter is believed to contain controlled substances, paraphernalia or proceeds related to the distribution of controlled substances.  The SUBJECT LETTER is further described as follows:  One insured letter addressed to "Eric Nielson, 33 Rose Ridge Loop, Bellingham, WA 98229," and is a standard business class envelope.  This letter is postmarked September 9, 2013, from zip code 98133, and carries $1.61 in postage.  The delivery confirmation number is 13091040000054265950.

**ITEMS TO BE SEIZED**

8.     The application requests that law enforcement officers and agents be authorized to seize the following from the SUBJECT LETTER, which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a

AFFIDAVIT OF BRYCE K. DAHLIN- 3

communication facility, including the U.S. mails, to facilitate the distribution of
controlled substances):

a.      Controlled substances, including, but not limited to, cocaine, crack
cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone,
and Oxycontin;

b.      Monetary instruments, including but not limited to, currency, money
orders, bank checks, or gift cards;

c.      Controlled substance-related paraphernalia;

d.      Documentary evidence relating to the purchase, sale, and/or
distribution of controlled substances;

e.      Notes, letters and other items which communicate information
identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f.      Fingerprints and/or handwriting, to identify who handled and/or
mailed the package.

### THE INVESTIGATION

9.      On September 16, 2013, Inspectors identified an insured letter, i.e.
SUBJECT LETTER, bearing the confirmation number 13091040000054265950 at the
facility located at the Mount Baker Post Office in Bellingham, Washington.

10.     The SUBJECT LETTER was addressed to "Eric Nielson, 33 Rose Ridge
Loop, Bellingham, Washington."  This address is currently being monitored by the
United States Postal Inspection Service as a result of a related Chicago disruption of a
drugs and cash shipment in July, 2013.

11.     On July 16, 2013, Postal Inspectors in Chicago, Illinois, intercepted a
thirty-pound shipment of marijuana sent by U.S. Mail to Chicago residence from
Bellingham, Washington.   The Chicago residence address was 1111 Holle Court, Unit
116, Oak Park, Illinois.  The Bellingham address was different than the address for
SUBJECT LETTER.  On July 17, 2013, Chicago Inspectors seized a cash shipment of
$7,000 in U.S. currency also being sent by U.S. Mail.  The sender address was 1111
Holle Court, Unit 116, Oak Park, Illinois, and the recipient address was to "Eric Nielson,

AFFIDAVIT OF BRYCE K. DAHLIN- 4

1  33 Rose Ridge Loop, Bellingham, Washington 98229." Based on these interceptions, I
2  believe that the $7,000 represented payment to "Eric Nielson" for the seized marijuana.
3      12.    Chicago Inspectors advised me of the interception of money and marijuana.
4  Based on this information, I placed a mail watch on the address of 33 Rose Ridge Loop,
5  Bellingham, Washington. By doing so, the Postmaster at the Mount Baker Post Office in
6  Bellingham was advised of the mail watch, and would be advising me of any outgoing
7  and incoming mail to that address. On September 16, 2013, I received information from
8  the Postmaster that the Mount Baker Post Office had received the SUBJECT LETTER
9  addressed to Eric Nielson at the Bellingham address. The SUBJECT LETTER was then
10 transferred to my custody.
11     13.    I have examined the SUBJECT LETTER. Based on my training and
12 experience, I believe that the SUBJECT LETTER likely contains controlled substances
13 and related paraphernalia. I can feel two clumps within the envelope. One of the clumps
14 is smaller, as though it may be controlled substances. The other clump is thin and longer,
15 and feels similar to a syringe and/or needle. The seam of the envelope is completely
16 sealed, as though to conceal the smell or odor of controlled substances.
17     14.    I have attempted to contact both the sender and recipient by telephone and
18 received no response.
19     15.    On September 17, 2013, I went to the recipient address in Bellingham,
20 Washington, in an effort to contact "Eric Neilson" or any other occupant of the residence.
21 According to public records for the recipient address, the listed owner is one Daniella M.
22 Piccioni. I walked around the residence, which is a single family home, approximately
23 2000 square feet with a basement. I noticed that all of the windows were covered,
24 including basement windows. I saw the energy meter on the house and noticed that the
25 indicator within the meter was spinning rapidly. Although I am not thoroughly familiar
26 with energy meters, based on my training and experience, particularly with investigations
27 of marijuana grow operations, I am aware that energy meters will show the use of energy
28 within the home, and that rapid spinners are indicative that energy consumption is

ongoing and likely high. High energy consumption is an important factor demonstrative

AFFIDAVIT OF BRYCE K. DAHLIN- 5

1  of indoor marijuana grow operations that use many lights, pumps, and other equipment

2  that drain energy.   At the time of my external examination of the home, I did not see any

3  lights on within the home, or other use of energy that could have contributed to the meter

4  spinning rapidly.

5        16.     On the outside of the residence, the yard area was messy, and not

6  landscaped, and no gardening was evident.   Yet there were hundreds of empty plant pots,

7  white PVC water piping, and bags of soil.   These items are commonly used at marijuana

8  grow sites.   In view of the fact that there did not appear to be any use for the pots, piping,

9  and bags of soil with the absence of landscaping and gardening at the home, I believe that

10  those items were likely present for use in an indoor marijuana grow.

11        17.     I knocked on the door of the residence located at 33 Rose Ridge Loop,

12  Bellingham, Washington, and received no response.   I noted that there was a vehicle

13  parked outside of the residence.

14        18.     In a further effort to establish probable cause, I arranged for a drug K9 to

15  inspect the SUBJECT LETTER.  On September 19, 2013, Seattle Police Department K9

16  Officer Carl Zylak applied K9 Zoe to an empty office cubicle that contained three filing

17  cabinet drawers.  The SUBJECT LETTER was not in the office at that time.  K9 Zoe did

18  not alert to anything within the empty office cubicle.  K9 Zoe was then removed from the

19  cubicle area.  I then placed the SUBJECT LETTER inside one of the three filing cabinet

20  drawers.  Officer Zylak and K9 Zoe returned to the cubicle area, and K9 Zoe approached

21  the filing cabinet.  Officer Zylak immediately observed a change of behavior by K9 Zoe,

22  including increased respiration, an increase in tail wagging and the lowering of the head

23  and ears.  This behavior, based on the training and experience of Officer Zylak and K9

24  Zoe, indicates the positive odor of narcotics emitting from the filing cabinet area,

25  specifically, where the SUBJECT LETTER was placed and located.  Further details about

26  the narcotics detection canine's qualifications are provided in the attached affidavit of

27  SPD K9 Officer Zylak, incorporated herein by reference.

28  //

AFFIDAVIT OF BRYCE K. DAHLIN- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**CONCLUSION**

2      19.      Based on the facts set forth in this Affidavit, as well as the attached

3  affidavit of Officer Carl Zylak, I believe there is probable cause to conclude that the

4  SUBJECT LETTER contains controlled substances, currency, documents, or other

5  evidence, more fully identified in Attachment B, that relates to the mailing and

6  distribution of controlled substances, in violation of Title 21, United States Code,

7  Sections 841(a)(1) (distribution  and possession with intent to distribute controlled

8  substances) and 843(b) (unlawful use of a communication facility, including the U.S.

9  mails, to facilitate the distribution of controlled substances).

10

11                          _____

12                          BRYCE K. DAHLIN
                            Postal Inspector, US Postal Inspection Service

13

14

15  SUBSCRIBED AND SWORN to before me this 20th day of September, 2013.

16

17                          _____

18                          JAMES P. DONOHUE
                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF BRYCE K. DAHLIN- 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A**
Letter to be searched

One Express Class letter addressed to "Eric Nielson, 33 Rose Ridge Loop, Bellingham, Washington 98229" with a return address of "Thaddeua Hunnicutt, 2116 N. 147th St., Shoreline, WA 98133." This parcel is an insured letter in a standard business class envelope, with a weight of approximately .77 ounces. This parcel is postmarked September 9, 2013, from zip code 98133, in Shoreline, Washington and carries $1.61 in postage. The delivery confirmation number is 13091040000054265950.

ATTACHMENT A
PARCEL TO BE SEARCHED                    -1-

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# **ATTACHMENT B**
## Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances:

      a.      Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

      b.      Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

      c.      Controlled substance-related paraphernalia;

      d.      Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

      e.      Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

      f.      Fingerprints and/or handwriting, to identify who handled and/or mailed the package.

ATTACHMENT B
ITEMS TO BE SEIZED
-1-

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**AFFIDAVIT**

Date: 09/19/13

I am a commissioned Seattle Police Officer. I received my commission from the Washington State Criminal Justice Training Commission in 1996. I am currently assigned to the Seattle Police Department Narcotics Unit as a narcotics canine detection handler. I have worked assignments in patrol, bicycle patrol, anti-crime team member, and an assignment with ICE gang investigations. During my career I have made numerous narcotics arrests, written and served narcotics search warrants, and arrested numerous individuals involved in narcotics trafficking.

From June 22nd – Aug 27th 2009 I attended the Washington State Patrol (WSP) Narcotics Detection Canine Class. The Washington Administrative Code (WAC) 139-05-915 (3b) for the Narcotic Dog handler (general detection) requires a minimum of 180 hours of specified training. The training I received from attending the WSP Narcotics Detection Canine Class consisted of approx. 223 hours of training in the classroom and practical field applications. During this class I was assigned 'Zoe' a 14 month old Chocolate Labrador Retriever. 'Zoe' and I recorded 147 finds during 38 initial training applications. The substances used for training included flake cocaine, rock cocaine, heroin, methamphetamine, and marihuana. 'Zoe' is a passive alert canine, which is the method by which WSP trains detection canines. 'Zoe' has been trained to give a "sit response" after locating a specific location from which narcotic odor is emanating. I have been trained to watch for "alert" behavior that 'Zoe' exhibits when detecting the odor of narcotics. 'Zoe' exhibits "alert" behavior that I observe as an increase in respiration/sniffing through the nose, increased tempo in tail wagging and a lowering of her head and ears.

During the WSP Narcotics Detection Canine Class, the following topics were included but not limited to:

- Instincts, Drives and Character Traits in Canines
- Critical Drives and Character Traits in Canines for detection work.
- Modular Training, Concept, Theory and Practice
- Conflict Training, Concept, Theory and Practice
- Reward Systems for Detection Canine Training
- Detection Canine Handling Basics
- Detection Canine Training Progression
- Scent Production and Movement
- Search Patterns
- Passive Indication Training and Maintenance
- Procedures for Canine Testing of Currency
- Proper Maintenance of Training Records

On Aug 7, 2009 'Zoe' and I were certified as a Narcotics Canine Detection Team.

Since certification I have conducted weekly training with 'Zoe', in conjunction with other SPD narcotic detection canine handlers as well as with other agency handlers. To date 'Zoe' has had over 202 training applications with 742 finds. 'Zoe' has had over 228 search applications with 169 finds and 3 misses.

On 09/19/13 I was working as K918 with my canine partner Police Dog Zoe (PD Zoe). At approx.1300 hours I assisted USPS Inspector B. Dahlin with a canine application to a envelope (#1309 1040 0000 5426 5950). An empty office cubicle was used for this application. I applied PD Zoe to the cubicle prior to placing the parcel in this area. The cubicle had three small filing cabinets. I had Inspector Dahlin placed the envelope in a file cabinet drawer. I applied PD Zoe to cubicle. PD Zoe exhibited an alert behavior as she entered this area. I observed this behavior as an increased respiration; increase in tail wagging and with the lowering of head and ears. This behavior is observable when PD Zoe is in the presence of narcotics odor. PD Zoe started past the first filing cabinet on the left side, circled the interior of the cubicle, sniffed aggressively at the seam at the top drawer and then sat indicating she was at the source of narcotics odor. I advised Inspector Dahlin of the positive result.

This affidavit is made under penalty of perjury of the laws of the State Of Washington.

Signed: _C. Zyl 6183_____

Officer Carl Zylak #6183
Seattle Police Department, Narcotics Unit
610 5 th Avenue, PO Box 34986
Seattle, Wa 98124     (206) 233-2674